UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WAGNER SPRAY TECH CORPORATION,<br>Plaintiff,<br>v.<br>EZ PAINTR, INC.,<br>Defendant. | Civil No. 00-315 JRT/FLN<br>and<br>Civil No. 00-2365 DWF/AJB<br>**[redacted] PRETRIAL SCHEDULE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern this proceeding. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

1. Discovery/Non-Dispositive Motions:

   a. After December 21, 2000 Wagner shall not file, in this litigation or in any other proceeding, additional claims for patent infringement arising under any additional patent owned by Wagner prior to December 21, 2000 alleging infringement by any product sold by EZ Paintr prior to December 21, 2000 that relates to paint rollers, paint roller covers, paint roller trays, and/or any method of making or using the same; provided, however, that Wagner may forthwith file pursuant to stipulation an amended complaint asserting infringement of U.S. Patent No. 6,145,158. The Parties may otherwise amend the pleadings or add parties by March 1, 2001, and thereafter only with leave of Court.

   b. All fact discovery shall be commenced in time to be completed by December 1, 2001.

   c. No more than 35 interrogatories, including all discrete subparts, shall be served by any party.

**EXHIBIT A**

FILED 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

d. No more than 50 Requests for Admission shall be served by any party.

e. No more than 50 Document Requests shall be served by any party.

f. No more than 15 non-expert depositions (excluding third-party depositions) shall be taken by any party.

g. All nondispositive motions and supporting documents, including those which relate to discovery, shall be served by April 1, 2002. Nondispositive motions may be scheduled for hearing by calling Cathy Orlando, Calendar Clerk to Chief Magistrate Judge Franklin L. Noel, 612-664-5110. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2.

2. Expert Disclosure and Discovery:

a. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

1) By each side on or before January 1, 2002, with respect to issues on which that side bears the burden of proof.

2) By each side on or before February 1, 2002, with respect to rebuttal experts.

b. Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

1) By each side on or before January 1, 2002, with respect to issues on which that side bears the burden of proof.

2) By each side on or before February 1, 2002, with respect to rebuttal expert reports.

c. Expert depositions shall occur on or before April 1, 2002.

d. Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from

evidence at trial.

3. Dispositive Motions:

a. All dispositive motions shall be filed prior to May 1, 2002.

b. Judge Tunheim's Calendar Clerk, Lou Jean Gleason, (612-664-5083), will contact counsel with a hearing date after all papers have been submitted.

c. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

4. Trial

a. This case shall be ready for trial no later than July 1, 2002, at which time it will be placed on the court's jury trial calendar.

b. Trial is estimated to last 10 days.

DATED: JAN ~~December~~ 19, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge